IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Carrasco Gamez, | No. CV-12-00639-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is a Report and Recommendation (Doc. 65) issued by Magistrate Judge Jacqueline M. Rateau. In the Report and Recommendation, Judge Rateau recommends denying and dismissing Petitioner Robert Gamez's Amended Petition for Writ of Habeas Corpus (Doc. 17) filed pursuant to 28 U.S. § 2254. Mr. Gamez filed an Objection (Doc. 66) to Judge Rateau's Recommendation on February 18, 2015.

Judge Rateau found that Mr. Gamez's Petition was untimely because it was filed on August 17, 2012, more than three years after the August 1, 2009 deadline. Mr. Gamez does not object to this determination and thereby waived his right to *de novo* review thereof. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, this Court has reviewed the full record and finds no substantial error, clear or otherwise, in Judge Rateau's finding of untimeliness.[1] *See* Fed. R. Civ. P.

---

[1] Although not material to Judge Rateau's ultimate finding of untimeliness, this Court notes that the Report and Recommendation mistakenly misquotes the Arizona Rules of Criminal Procedure's instruction of how to timely file a notice of post-

1 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept [a magistrate judge's] recommendation.").

Judge Rateau next found that Mr. Gamez's untimely Petition could not be equitably tolled because the record demonstrated that there was no "external force" that made it "impossible to file a petition on time." Report and Recommendation at 11 (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). Specifically, Judge Rateau found that Mr. Gamez's litigation of various lawsuits in the time period between August 2010 and December 2012 indicated that it was not impossible for Mr. Gamez to file a timely habeas petition in August 2009. Because Mr. Gamez objected to this portion of Judge Rateau's Report and Recommendation, this Court reviews this determination *de novo*. This Court disagrees with the reasoning that it is evident that Mr. Gamez was able to file a petition in 2009 because he did so a year later, but nonetheless agrees that Mr. Gamez has not made a sufficient showing to allow him the benefit of equitable tolling.

To make use of the equitable tolling doctrine, Mr. Gamez must show that he was diligent in pursuing his habeas rights and that some "extraordinary circumstances" prohibited him from filing his petition on time. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Despite his allegations of "systemic deprivation of access to court," Mr. Gamez did not request an extension of time or inform the Court of the difficulties he was having filing a timely Petition. Accordingly, he cannot be said to have behaved diligently and to warrant an application of equitable tolling.

This Court, upon its independent and full review of the record, agrees with all

---

conviction review. *See* Report and Recommendation at 9-10. Despite Mr. Gamez's apparent impression, his Post-Conviction Relief proceeding was not "of-right," as such proceedings are those afforded to petitioners who were convicted via guilty plea rather than via bench or jury verdict. *See* Ariz. R. Crim. P. 32.1 ("Any person who pled guilty or no contest . . . shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding."). Because Mr. Gamez pled not guilty and was convicted by a jury, the proper section of Rule 32.4(a) that dictates the time at which he was to file a proper notice of post-conviction relief states that "[i]n all other non-capital cases, the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is later." Ariz. R. Crim. 32.4(a).

other aspects of Judge Rateau's Report and Recommendation and finds that Mr. Gamez's Objections in no way undermine the remaining analyses and conclusions therein. Accordingly,

**IT IS HEREBY ORDERED** that Mr. Gamez's Objections (Doc. 66) are **overruled** and the Report and Recommendation (Doc. 65) is **accepted and adopted** as detailed herein.

**IT IS FURTHER ORDERED** that Mr. Gamez's Amended Petition for Writ of Habeas Corpus (Doc. 17) is **denied** and his case is **dismissed with prejudice**. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not issue. Before Mr. Gamez can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A substantial showing is made if "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner," or if "the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (internal quotation omitted). Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue because the resolution of the Petition is not debatable among reasonable jurists and does not deserve further proceedings.

Dated this 29th day of April, 2015.

_____
Honorable Rosemary Márquez
United States District Judge